IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCHELL JONES,            : | |
|           Plaintiff,        : | |
|                           : | |
| v.                        : | Civ. No. 11-03876 |
|                           : | |
| MICHAEL J. ASTRUE,        : | |
|           Defendant.        : | |
|                           : | |

**O R D E R**

      Plaintiff Rochell Jones seeks review of the Social Security Commissioner's denial of her claim for Disability Insurance Benefits and Supplemental Security Income. After Plaintiff filed a Motion for Summary Judgment and Request for Review, I referred the matter to the Magistrate Judge. *(Doc. Nos. 9, 12.)* For the following reasons, I will overrule Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, and enter judgment for the Commissioner.

      **I.**      **Background**

      At the time of the ALJ's decision, Plaintiff was forty-nine years old. R. at 26. She had completed the eleventh grade and resided in a transitional home for women, where she performed daily chores. R. at 28-29, 35. Plaintiff alleged disability due to neck, back, and arm pain, and depression. R. at 11, 13, 27. Ms. Jones's medical records reveal that she has received ongoing treatment for lower back, arm, and neck pain, resulting from two car accidents in 2006. R. at 26, 312, 326; *(Doc. No. 14 at 5-7.)*

      After the Social Security Administration denied Plaintiff's claims on January 15, 2009, she timely sought a hearing. R. at 69, 74. On May 28, 2010, the ALJ held a hearing at which counsel represented Plaintiff. R. at 25. Plaintiff testified to her impairments and prior

employment as a packager. R. at 27-42. Vocational expert William Slaven testified that given Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform jobs at the sedentary exertion level. R. at 42-46.

In her June 24, 2010 decision, the ALJ found that Plaintiff had the following impairments: severe back pain and depression. R. at 11. In determining Ms. Jones's residual functional capacity, the ALJ reviewed the medical evidence, state agency assessments, and Ms. Jones's testimony regarding her impairments and symptoms. The ALJ found Ms. Jones's testimony only "partially credible concerning the severity of her impairments and their impact on her ability to work." R. at 15. The ALJ nevertheless included significant physical limitations in her RFC determination. R. at 12. The ALJ found that Ms. Jones: 1) could not return to her work as a packager, and could perform less than the full range of sedentary level work; 2) could lift and carry ten pounds, sit six of every eight hours, stand and walk two of eight hours, and perform postural activities (i.e., reaching) with occasional regularity; and 3) must alternate sitting and standing at will. Id. Finally, relying on Mr. Slaven's testimony, the ALJ identified jobs Plaintiff could perform that exist in substantial numbers in the national economy, such as lens inserter, rating clerk, and telephone information clerk. Id. at 17. Accordingly, the ALJ concluded that Plaintiff was not disabled and denied her application for DIB and SSI.

After the Appeals Council affirmed, Plaintiff filed this action, challenging the Commissioner's decision. *(Doc. Nos. 1, 3.)* I referred the matter to the Magistrate Judge, who issued a Report and Recommendation concluding that the ALJ's decision should be affirmed. *(Doc. No. 14.)* Ms. Jones timely objected, and the Commissioner has responded to those Objections. *(Doc. Nos. 16, 17.)*

## II. Legal Standards

I must review *de novo* each issue addressed by the Magistrate to which Plaintiff has raised a timely and specific Objection. 28 U.S.C. § 636(b)(1); see also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, the [Magistrate's] findings and recommendations." 28 U.S.C. § 636(b)(1). It is also within my discretion to rely on the Magistrate's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

I must determine whether "substantial evidence" supports the ALJ's decision. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999 (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)). If substantial evidence supports the ALJ's decision, I must uphold it even if I would have made different factual findings. Hartranft, 181 F.3d at 360.

When evaluating a claimant's credibility, the ALJ must indicate the testimony she rejects and the testimony upon which she bases her findings. See Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999). In concluding that some or all of a claimant's testimony is not credible, the ALJ may rely on discrepant medical evidence and the claimant's inconsistent statements. See 20 C.F.R. § 404.1529; Chandler v. Comm'r of Soc. Sec. Admin., 667 F.3d 356, 363 (3d Cir. 2011) ("Although 'any statements of the individual concerning his or her symptoms must be carefully considered,' the ALJ is not required to credit them." (quoting SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996))); Burns v. Barnhart, 312 F.3d 113, 129-30 (3d Cir. 2002).

### III.     Discussion

Plaintiff's three Objections all pertain to the ALJ's finding that Plaintiff was "only partially credible concerning the severity of her impairments and on their impact on her ability to work." R. at 15.

The ALJ doubted Ms. Jones's description of the severity of her impairments because of "inconsistencies in the record which do not reflect well on the totality of the claimant's allegations." R. at 13.  In reaching her credibility determination, the ALJ considered the medical evidence, including: Plaintiff's MRI, showing only mild compression of the protective membrane around the spinal cord; the observations of Dr. Barry Marks (the SSA's consultative physician) that Plaintiff showed only slightly diminished cervical rotation, lumbar flexion-extension, and hip and knee ranges of motion; and progress notes indicating Plaintiff's medical care has been "essentially routine, conservative and non-aggressive in nature." R. at 14. The ALJ also discussed Ms. Jones's testimony that steroid injections temporarily relieved her pain. Id.

Plaintiff objects to the characterization of her care as routine, conservative, and non-aggressive.  She notes that she underwent physical therapy, took pain medication, and received steroid injections.  R. at 179, 246-49, 327, 354.  As noted by the ALJ, however, Plaintiff did not require "any in-patient hospitalizations, any critical active treatment, or any significant office care other than for routine medical monitorization and maintenance." R. at 14.  Having thoroughly reviewed Plaintiff's medical records, the ALJ adequately explained her finding respecting the "routine" nature of Plaintiff's medical care, which has substantial record support.  Because I am thus bound by that finding, I will overrule Plaintiff's Objection. See Chandler, 667 F.3d at 362-63; Burns, 312 F.3d at 118.

Plaintiff also argues that the ALJ erroneously observed that Plaintiff testified that she had never been referred to a specialist. R. at 14. Unfortunately, Plaintiff offers no record citation to support this Objection. The only mention of "specialists" in the record is the following exchange, which took place during the hearing:

> ALJ: Are you seeing any specialists? Has anyone ever said that you needed surgery or anything like that?
>
> Plaintiff: Well, first at the beginning they said I needed surgery, now they['re] saying that they don't want to because there's a risk
>
> ALJ: Um-hum
>
> Plaintiff: Because it's too close to my spine.

R. at 34-35. Although Plaintiff was unclear, this does not show that Plaintiff testified that she was referred to a specialist. In any event, regardless of what Plaintiff said at the hearing, the record shows that her steroid injections were administered by a surgeon. See R. 246-49. Accordingly, I will construe Plaintiff's Objection as one protesting that the ALJ did not recognize that Plaintiff's injections were administered by a surgeon. This omission does not impugn the ALJ's findings. Considerable evidence supports the ALJ's credibility determination that Plaintiff exaggerated the severity of her limitations. In addition to relying upon the medical evidence I have described—all of which contradicts Plaintiff's testimony—the ALJ found inconsistencies between Plaintiff's descriptions of her limitations and her admitted level of activity. The ALJ noted Plaintiff's testimony that she attends school twice weekly, frequents the library to read and use the computer, performs chores at her residence including cooking, vacuuming, and mopping, takes public transportation unaccompanied, and is independent in matters of self-care. R. at 13. The ALJ found that this level of activity contradicts Plaintiff's

testimony that she cannot walk for more than one block, sit for more than one hour, or push or lift anything heavy. Id.  I therefore conclude that any failure to acknowledge that a surgeon administered Plaintiff's injections was not significant.  The ALJ's partial rejection of Plaintiff's testimony was adequately explained and is amply supported by record evidence.  Accordingly, I will not disturb the ALJ's credibility ruling. See Chandler, 667 F.3d at 362-63 (ALJ's credibility determination binds the reviewing court if it is supported by substantial evidence and explained in enough detail to permit meaningful review).

Finally, Plaintiff argues that the ALJ failed to explain why she found inconsistencies in the evidence respecting Plaintiff's impairments.  *(Doc. No. 16 at 2.)*  As an initial matter, Plaintiff does not specify which inconsistencies the ALJ allegedly failed to explain.  See Brown, 649 F.3d at 195 (Plaintiff is obligated to raise specific Objections to the Report and Recommendation). In any event, the record belies Plaintiff's contention: the ALJ thoroughly described the inconsistencies that undermined Plaintiff's credibility.

As I have discussed, the ALJ noted significant inconsistencies between Plaintiff's daily activities and her complaints of debilitating symptoms.  R. at 13-14.  The ALJ explained that "the record fails to provide objective medical evidence that the claimant's impairments are as severe as her hearing testimony suggests." R. at 14. The ALJ stated that, although Plaintiff's physicians had noted her recurrent complaints of musculoskeletal pain, they documented no signs of substantial focal or neurological deficits, diminished ranges of motion, muscle atrophy or weakness, motor disruption, or sensory or reflex abnormalities. Id.  Moreover, the ALJ noted Dr. Marks's finding that Plaintiff displayed intact motor, reflex, and sensory functioning, with only slightly diminished cervical, lumbar, hip, and knee ranges of motion. R. at 14, 219-21.  This considerable evidence was certainly inconsistent with Plaintiff's complaints of disabling pain.

Accordingly, I will overrule Plaintiff's Objection that the ALJ did not adequately explain her finding of inconsistencies.

### IV. Conclusion

Substantial evidence supports the ALJ's decision.  <u>Hartranft</u>, 181 F.3d at 360 (3d Cir. 1999).  Accordingly, I will overrule Plaintiff's Objections.

**AND NOW**, this 10th day of August, 2012, upon consideration of Plaintiff's Motion for Summary Judgment and Request for Review, Defendant's Response, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections to the Report and Recommendation, it is hereby **ORDERED** as follows:

1. The Report and Recommendation *(Doc. No. 14)* is **APPROVED** and **ADOPTED**;
2. Plaintiff's Motion for Summary Judgment and Request for Review *(Doc. No. 9)* is **DENIED**; and
3. Judgment is entered in favor of the Defendant;
4. The Clerk of Court shall **CLOSE** this case for statistical purposes.

                                                          **AND IT IS SO ORDERED.**

                                                          */s/ Paul S. Diamond*
                                                          _____
                                                          Paul S. Diamond, J.